(116 So. 572)

No. 27063.

### BARROW v. DUPLANTIS et al.

March 12, 1928.    Rehearing Denied April 9, 1928.

*(Syllabus by Editorial Staff.)*

**Constitutional law** ⬅➡**315—Rendition of judgment by judge taking office after evidence was taken stenographically at trial held not denial of due process of law.**

Where case was tried before district judge and evidence taken stenographically and filed in record, and such judge resigned before deciding case, decision by his successor, who had read evidence but had not heard case, was not denial of due process of law.

Appeal from Seventeenth Judicial District Court, Parish of Terrebonne; Robert B. Butler, Judge.

Action by Robert R. Barrow against Caliste A. Duplantis and others. From the judgment below, plaintiff appeals. Affirmed.

Harris Gagne, of Houma, for appellant.

Ellender & Ellender, of Houma, for appellee Kilpatrick.

Caillouet & Caillouet, of Thibodaux, for appellees C. A. Duplantis and others.

ST. PAUL, J. This case was tried before Hon. H. M. Wallis, then judge of the Seventeenth judicial district court. The evidence was taken stenographically and filed in the record. Judge Wallis resigned before deciding the case; and Judge Butler, his successor, gave judgment therein, after reading the evidence and hearing argument.

## I.

The appellant (plaintiff) complains that it was not "due process of law" for Judge Butler, who had not *heard* (but had *read*) the evidence, to pass upon the case.

The complaint is unfounded. "Where a case has been tried and submitted, with full opportunity for the cross examination of witnesses, but the judge before whom it was tried retires from the office before giving judgment, there is no reason why his successor in office should not give such judgment, after hearing argument and without hearing further testimony." Barton v. Burbank, 138 La. 997, 71 So. 134; Saint v. Martel, 127 La. 73, 53 So. 432.

## II.

For the rest, the case involves only issues of fact. The trial judge in an elaborate opinion, wherein the testimony is analyzed *in extenso*, found the facts to be against plaintiff and rendered judgment accordingly; and we think that his judgment is correct. In fact plaintiff has made no attempt by brief, or in oral argument, to point out any error in the finding of the district judge. Nor does he even ask that the judgment appealed from be reversed and rendered in his favor; his sole prayer for relief being "that the judgment be annulled and the cause be remanded for a new trial" (on the grounds set forth in paragraph I, supra).

### Decree.

The judgment appealed from is therefore affirmed.